IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION (CLEVELAND)

| | | |
|---|---|---|
| PELORUS HOLDINGS, INC. D/B/A PELORUS TECHNOLOGY<br>13215 Bee Caves Pkwy., A-260<br>Austin, TX  78738 | : | CASE NO. 1:24-cv-239 |
| | : | (Judge _____) |
| | : | |
| Plaintiff, | : | **COMPLAINT** |
| vs. | : | |
| NORDSON CORPORATION<br>28601 Clemens Road<br>Westlake, OH  44145 | : | (JURY DEMAND ENDORSED HEREON) |
| | : | |
| c/o Statutory Agent<br>Corporation Services Company<br>251 Little Falls Drive<br>Wilmington, DE  19808 | : | |
| | : | |
| Defendant. | | |

For its Complaint, Plaintiff Pelorus Holdings, Inc. d/b/a Pelorus Technology states as follows:

**PARTIES, VENUE, AND JURISDICTION**

1. Plaintiff Pelorus Holdings, Inc. d/b/a Pelorus Technology ("Pelorus") is a Texas corporation with its principal place of business in Austin, Texas.

2. Defendant Nordson Corporation ("Nordson") is an Ohio corporation with its principal place of business in Westlake, Ohio.

3. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332(a). The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

4. This Court has venue over this case under 28 U.S.C. § 1391(b) and (d).

## BACKGROUND

### The Agreement and Its Scope

5. Founded in 2008, Pelorus provides software-related services, including implementation of tailored production process solutions through Microsoft Dynamics 365 (D365) Enterprise Resource Planning (ERP).

6. Nordson agreed to utilize Pelorus' services. An accurate copy of the parties' February 1, 2022 Services Agreement ("Agreement") is attached as Exhibit A to this Complaint.

7. The Agreement refers to Pelorus as "Service Provider" and is a form agreement for service providers provided to Pelorus by Nordson. The Agreement provides that Ohio law applies and that the parties submit to the jurisdiction of the federal and state courts located in Cuyahoga County, Ohio as to legal proceedings arising out of the Agreement.

8. The parties agreed to Statement of Work #02 Rev 2 ("Statement of Work") effective August 1, 2022. The Statement of Work was executed by Jesus Crespo on behalf of Nordson on September 8, 2022, and by Erik Cornet on behalf of Pelorus GmbH, an affiliate of Pelorus Holdings, Inc., on September 5, 2022. An accurate copy of the Statement of Work is attached as Exhibit B.

9.	The Statement of Work describes the project ("Project") as "Implement Dynamics 365 Finance and Operations and in the Nordson Munster facility."  The Statement of Work adopts a Project Charter as "an integral part of this SOW."  Statement of Work, p. 1.  "The Project Charter presents the project definition, solution, scope, financial and technical requirements, roles and responsibilities, governance process and assumptions."  Id.  Further, it "presents the resources required for the project, both human and financial."  Id.

### Pelorus' Timely and Effective Work for Nordson

10.	The Project Charter was presented to Nordson's management.  The Project Charter has been the basis for the work performed by Pelorus under the Agreement.  The scope of, and resources used in, Pelorus' work was made transparent to Nordson under the Project Charter.  In addition, the Project deliverable status had been made transparent to Nordson under a tracking system provided by Pelorus.

11.	There have been no overcharges on the Project.  Changes in scope of the Project have been due to Nordson's inability or unwillingness to provide staff for tasks for which Nordson was responsible under the Project Charter.  Also, when changes have been necessary, Pelorus has followed the process for change requests that is detailed in the Project Charter.

12.	Invoices from Pelorus to Nordson have contained all of the information required by ¶ 3.2 of the Agreement.  As to its work, Pelorus has also provided detail beyond what was required by the Agreement, in that Pelorus has provided raw timesheet entries in Excel format as the backup for the invoices.

3

13. Any delays in completing the Project have been the result of Nordson's inability to make decisions in a timely manner and to cooperate with Pelorus. Pelorus has done its work on the Project in a timely manner, using appropriate resources.

14. As of December 16, 2023, the Project was substantially complete except for any modification necessitated by testing or by training of Nordson personnel on the installed system. The fact that training has not yet taken place is due solely to Nordson dragging its feet on dedicating enough time for its personnel to understand the system.

**Nordson's Breach of Contract and Pelorus' Notice of the Breach**

15. Nordson has refused to pay a number of invoices of Pelorus, valued at in excess of $1 million.

16. The following table lists the unpaid invoices:

| No. | Billing Date | Due Date | Amount (in euros) |
|---|---|---|---|
| PS-INV103027 | 5/3/2023 | 6/2/2023 | €72,051.53 |
| PS-INV103040 | 10/1/2023 | 11/1/2023 | €7,468.44 |
| PS-INV103041 | 10/1/2023 | 10/31/2023 | €171,910.01 |
| PS-INV103042 | 10/1/2023 | 10/31/2023 | €184,169.46 |
| PS-INV103043 | 10/1/2023 | 10/231/2023 | €3,929.26 |
| PS-INV103045 | 10/30/2023 | 11/15/2023 | €3,792.13 |
| PS-INV103046 | 11/6/2023 | 11/30/2023 | €245,066.55 |
| PS-INV103047 | 11/7/2023 | 11/30/2023 | €126,946.24 |
| PS-INV103048 | 11/7/2023 | 11/30/2023 | €2,891.65 |
| PS-INV103049 | 12/1/2023 | 12/31/2023 | €146,439.70 |
| PS-INV103050 | 12/1/2023 | 12/31/2023 | €78,848.85 |
| PS-INV103051 | 12/1/2023 | 12/31/2023 | €4,572.80 |
| PS-INV103052 | 12/16/2023 | 1/15/2024 | €14,288.46 |

| PS-INV103053 | 12/16/2023 | 1/15/2024 | €22,415.29 |

17. On December 6, 2023, Chelsey Young, the Vice President of Information Technology for Nordson, emailed Erik Cornet of Pelorus, purporting to dispute "open" (i.e., unpaid) invoices PS-INV103040 through PS-INV10348.

18. On December 7, 2023, Mr. Cornet wrote Ms. Young in response to the December 6, 2023 email pointing out numerous inaccuracies in their email.

19. Mr. Cornet's December 7, 2023 letter also pointed out that the 30-day window to dispute three of the invoices had passed. The three invoices totaled €443,320.83.

20. Section 3.4 of the Agreement provides that "Nordson shall pay all undisputed fees within 30 days after Nordson's receipt of an Invoice submitted by Service Provider that complies with the requirements set forth in Section 3.2." (Emphasis added.) All invoices submitted to Nordson by Pelorus have complied with Section 3.2. As of December 6, 2023, Nordson had no contractual right to dispute unpaid invoices more than 30-days old as of that date. Thus, as of December 6, 2023, Pelorus invoices PS-INV103041, PS-INV103042, and PS-INV103043 were, and remain, indisputable and must be paid in full under the Agreement.

21. All of the unpaid invoices listed above in this Complaint must be paid. Nordson's continued failure to do so is a breach.

22. Mr. Cornet's December 7, 2023 letter notified Nordson that Pelorus was excused from further performance under the contract if Nordson did not cure its breaches by December 16, 2023. The letter demanded immediate payment of €443,320.83 for past due

invoices and that Nordson notify Pelorus with specificity of any issues with other unpaid invoices.

23. Nordson has failed to pay any invoices since that date. Nordson has failed to identify with specificity any issues with unpaid invoices. In a recent communication with Pelorus, Nordson claims to be studying past invoices looking for issues.

24. On December 20, 2023, Mr. Cornet notified Pelorus that he was placing a hold on services provided for the Project, effective as of that date, due to Nordson's failure to pay.

25. On January 1, 2024, Mr. Cornet notified Nordson of its failure to pay three invoices due on December 31, 2023: PS-INV03044, PS-INV103050, PS-INV03051. The letter further stated the invoices were past due and demanded full and immediate payment of all outstanding invoices, totaling €1,048,086.62. All of the invoices outstanding as of January 1, 2024 remain unpaid.

## FIRST CLAIM FOR RELIEF – BREACH OF CONTRACT

26. Pelorus incorporates the allegations of paragraph 1 through 25 of this Complaint as if fully restated.

27. Pelorus has performed all conditions and obligations required of it under the Agreement and Statement of Work.

28. Nordson's unexcused failure to pay several months of invoices for sums exceeding the value of $1,000,000 is a material breach of the Agreement.

29. Pelorus is entitled to payment of the amounts owed under the Agreement as damages for the breach.

## SECOND CLAIM FOR RELIEF – UNJUST ENRICHMENT

30. Pelorus incorporates the allegations of paragraphs 1 through 29 of this Complaint as if fully restated.

31. This claim is pled in the alternative pursuant to Fed. R. Civ. P. 8(a).

32. Pelorus, and Pelorus GmbH, by providing Nordson with a functional ERP system, conferred a benefit upon Nordson.

33. Nordson at all relevant times knew that a benefit was conferred, based on the continuous updates to Nordson on the status of the Project.

34. Nordson has acknowledged its obligation to pay for services provided and invoiced under the Statement of Work.

35. Pelorus reasonably expected payment for services provided to Nordson on the Project under the Statement of Work.

36. Nordson has unjustly refused to compensate Pelorus for the benefit conferred on it.

37. Pelorus is entitled to compensation equal to the benefit conferred on Nordson.

WHEREFORE, Plaintiff demands that this Court find that Plaintiff is entitled to:

a.  Compensatory damages in an amount not less than $1,179,058.66;

b.  Pre- and post-judgment interest;

c.  Costs;

d.  Such other and further relief as this Court deems appropriate.

Respectfully submitted,

/s/ Brian D. Wright
Brian D. Wright (0075359)
  Trial Attorney
Donald E. Burton (0040553)
FARUKI PLL
110 N. Main Street
Suite 1600
Dayton, OH  45402
Telephone:  (937) 227-9900
Fax:  (937) 227-3717
Email:   bwright@ficlaw.com
             dburton@ficlaw.com

Attorneys for Plaintiff
Pelorus Holdings, Inc. d/b/a Pelorus Technology

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

/s/ Brian D. Wright
Brian D. Wright

4890-3305-1298.1

8